## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ROBERT WITT and CAROLYN WITT,   )
   )
       Plaintiffs,     )
   )
vs.       )     Case No. CIV-10-612-M
   )
FARMERS INSURANCE COMPANY,   )
INC., a foreign corporation, d/b/a   )
Farmers Insurance Group,   )
   )
       Defendant.   )

## <u>ORDER</u>

Before the Court is plaintiff's Motion to Remand, filed June 16, 2010. On July 1, 2010, defendant filed its response and objection.

On May 6, 2010, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On June 9, 2010, at an unknown time, plaintiffs filed an Amended Petition in state court, adding Farmers Insurance Exchange, a non-diverse party, as a defendant. Also on June 9, 2010, at 2:55 p.m., defendant filed a Notice of Removal in this Court, removing this action on the basis of diversity jurisdiction. Plaintiffs now move to remand this action to state court.

Based upon the Amended Petition, plaintiffs contend the parties to this action lack complete diversity of citizenship. In response, defendant asserts that the Amended Petition was filed in state court after this case had already been removed to this Court and, thus, at the time of removal, there was complete diversity of citizenship.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Additionally, as the party invoking this Court's jurisdiction in this case, defendant "bear[s] the

burden of establishing that the requirements for the exercise of diversity jurisdiction are present."

*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The parties do not dispute that under the original Petition there is complete diversity of citizenship between the parties. The parties also do not dispute that under the Amended Petition there is not complete diversity of citizenship between the parties. Additionally, it is undisputed that the Amended Petition and the Notice of Removal were both filed on June 9, 2010. Further, a review of the federal court file reveals that the Notice of Removal was filed at 2:55 p.m. on June 9, 2010. However, the parties have not submitted any evidence as to when on June 9, 2010 the Amended Petition was filed, and upon review of the state court docket, the Court was unable to determine when on June 9, 2010 the Amended Petition was filed.

Because defendant bears the burden of establishing complete diversity of citizenship between the parties, and because defendant has not shown that this case was removed prior to the Amended Petition being filed, the Court finds that defendant has not met its burden of establishing that the requirements for the exercise of diversity jurisdiction are present in this case. The Court, therefore, finds that this action should be remanded back to state court.

Accordingly, the Court GRANTS plaintiffs' Motion to Remand [docket no. 9] and REMANDS this action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 30th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE